IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| EARL DANIEL COOPER, TDCJ #01541308, Plaintiff, VS. L. DOYLE, *et al.*, Defendants. | § § § § § § § § § | CIVIL ACTION NO. 3:15-CV-253 |

## ORDER OF DISMISSAL

Earl Daniel Cooper (TDCJ #01541308) has brought an action under 42 U.S.C. § 1983 alleging that he was sexually fondled by a guard at the Wayne Scott Unit on May 7, 2015 and struck by other guards when he resisted (Dkt. 3 at pp. 4–6). Cooper is proceeding *pro se*. The Court originally granted him permission to proceed *in forma pauperis* ("IFP") (Dkt. 14) but has now realized that he is barred by statute from so proceeding.

A national case index reflects that, while incarcerated, Cooper has filed at least three previous civil actions that have been dismissed by federal courts as frivolous or for failure to state a claim. *See Cooper v. Thaler, et al*, No. 2:11-CV-161 (N.D. Tex. Feb. 7, 2012); *Cooper v. Lopez, et al*, No. 2:11-CV-233 (N.D. Tex. Oct. 11, 2011); *Cooper v. State of Oklahoma, et al.*, No. 4:05-CV-173 (N.D. Okla. May 23, 2005). Cooper only disclosed the most recent case to this Court (Dkt. 1 at p. 2).

Under 28 U.S.C. § 1915(g), a prisoner is not allowed to bring a civil action *in forma pauperis* in federal court if he has, while incarcerated, filed three or more civil actions or appeals that have been dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g); *Adepegba v. Hammons*, 103 F.3d 383, 385 (5th Cir. 1996). An exception exists for inmates who are "under imminent danger of serious physical injury." *Id.* To fit within the imminent-danger exception, a prisoner must demonstrate that imminent danger of serious physical injury exists at the time the plaintiff seeks to file his complaint. *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998). Cooper, who is no longer incarcerated at the Wayne Scott Unit but has been transferred over 200 miles away to the Hughes Unit, has never claimed to be under imminent danger of serious physical injury; and his pleadings do not show that he was in such danger at the time he filed his complaint.

The Court **ORDERS** as follows:

1. Cooper's IFP status is **REVOKED**.

2. This case is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(g). The case will be reopened if, within thirty days of the date of this order, Cooper pays the filing fee in full.

The Clerk of this Court shall send a copy of this Order to the parties.

SIGNED at Galveston, Texas on June 6, 2017.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE